## THE FALLS BRIDGE TURNPIKE COMPANY
### *vs.*
## GEORGE A. ADAMS, ADMINISTRATOR OF THOMAS G. WATERS.
### AT LAW. DECIDED AUGUST 9, 1842.
#### *Suit against an Administrator.*

| An administrator who pays a distributee more than is due on a final distribution will be considered accountable for the amount as being overpaid in the administrator's own wrong. | The amount overpaid is held to be in the hands of the administrator, who is liable for a *bona fide* debt of the testator to the full amount of the assets so found. |

This is a suit brought by the plaintiff to recover a balance of an account.

CLEMENT Cox for plaintiff.

WM. REDIN for defendant.

The affidavit of a certain Goszler was given in evidence on the part of the plaintiff; he stated in substance that he called repeatedly upon George A. Adams, administrator of Thomas G. Waters, for the payment of the balance due to said company from said Waters, the late treasurer, amounting to about seventy dollars; that said Adams promised to settle the same; that such applications were made while the defendant was in the employment of the company as superintendent of the Falls Bridge Turnpike.

The verdict of the jury was for the plaintiff.

It was referred to the auditor for report of assets in the hands of the administrator.

The auditor reported that the intestate left three children, Thomas S., William H., and the wife of the administrator. The administrator made a distribution of the assets among the distributees; the share of each was $1,048.52. He paid Thomas S. $1,200, being $159.50 more than his share; to William H. he paid $834, being $208.50 less than his share, and which the administrator now has in his hands. That he applied and used the share which he considered due to himself in right of his wife. The overpayment to Thomas S., beyond his supposed share, was in the administrator's own

wrong, and he must be supposed still to have in his hands the $208.50 less than the supposed share of William H., and which is more than sufficient to pay the judgment of the said company.

Judgment on the above report for $70.21 and costs.